EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| Latoya Lewis and Lucinda Byron on behalf of themselves, those similarly situated, and the Proposed Rule 23 Class, | |
| *Plaintiffs*, | Case No. 6:23-cv-01645-WWB-LHP |
| *v.* | **PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT, SET I** |
| Avant Healthcare Professionals, LLC, | |
| *Defendant*. | |

**TO:  DEFENDANT  AVANT  HEALTHCARE  PROFESSIONALS,  LLC  AND  ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure Plaintiffs request that, within thirty (30) days after service of this request, Defendant Avant Healthcare Professionals, LLC, serve a written response and produce all of the following documents and things to the offices of Nichols Kaster, PLLP, 4700 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402.

**<u>INSTRUCTIONS</u>**

1.      Unless otherwise indicated, all Requests are directed at documents relevant or applicable during the statutory period from **August 28, 2013 to the present**.

2.      Unless otherwise indicated, Plaintiffs request all responsive documents be produced in the forms identified in **Exhibit A** attached hereto, accompanied by the referenced load file. Exhibit A shall be superseded by the parties' format stipulation reached (if any) in their Rule 26(f) Discovery Report.

1

**DEFINITIONS**

1.    "Plaintiff" refers to each of the Named Plaintiffs Latoya Lewis and Lucinda Byron.

2.    "Defendant," "You," or "Your" refers to Avant Healthcare Professionals, LLC, along with its parents, subsidiaries, affiliates, officers, directors, owners, partners, employees, attorneys, accountants, insurance companies, investigators, agents, or anyone else acting on its behalf.

3.    "Person(s)" shall mean a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

4.    "Healthcare worker" means any person that Defendant recruited from a foreign country for work in the United States at a healthcare facility that is a client of, partner of, or otherwise under contract with Defendant.

5.    "Employment Period" refers to the duration of time which Defendant claims to require a healthcare worker to remain employed with Defendant as identified by their employment contract and includes the "Initial Employment Period" and "Revised Employment Period" unless otherwise specified.

6.    "Employment contract" refers to the document that Defendant claims describes or contains the terms and conditions of healthcare workers employment with Defendant.

7.    When appropriate the terms "all," "any" and "each" shall be construed as "all and any and each." The connectors "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope. The use of any tense of any verb shall be considered to also include within its meaning all of the tenses of the verb so used.

8.     "Relating to" or "relate to" means having any connection with the topic of the Request or having some logical or causal connection between the information and the topic of the Request.

9.     "Similar" refers to documents or content with related substance.  "Similar" does not require that the referenced documents or content be of the same form, version, or iteration.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.**     Documents sufficient to describe Defendant's policies, practices, and procedures related to its representations to and recruitment of healthcare workers prior to healthcare workers becoming employed by Defendant and coming to the United States.

**REQUEST NO. 2.**     Documents sufficient to describe Defendant's policies, practices, and procedures for placing healthcare workers at healthcare facilities in the United States, including any transfers or requests for transfers to a different facility.

**REQUEST NO. 3.**     One copy of each version of employment contracts that Defendant has used with healthcare workers during the applicable time period.

**REQUEST NO. 4.**     One copy of each version of employee handbooks, rules, regulations, statement of responsibilities, and training materials that Defendant has used with healthcare workers during the applicable time period.

**REQUEST NO. 5.**     Documents sufficient to describe how Defendant calculates "damages" it incurs when healthcare workers' employment ends before the employment period has run.

**REQUEST NO. 6.**     One copy of each version of contracts Defendant has with the facilities at which it places healthcare workers.

**REQUEST NO. 7.**     Plaintiffs' employment files.

**REQUEST NO. 8.**    Documents sufficient to described Defendant's policies and procedures for how, what, and when to communicate with healthcare workers about consequences for not completing their employment period.

**REQUEST NO. 9.**    Defendants' actual communications with healthcare workers regarding the consequences for not completing their employment period.

**REQUEST NO. 10.**    All documents reflecting Defendant's collection of "damages" from healthcare workers under their employment contracts, including but not limited to any lawsuits filed by Defendant against healthcare workers, demand letters, or other documents sent to healthcare workers seeking payment or memorializing any payment obligation or agreement.

**REQUEST NO. 11.**    All documents reflecting the costs Defendant incurred in recruiting, sponsoring, and employing Plaintiffs.

**REQUEST NO. 12.**    Documents sufficient to identify each healthcare worker, including for each their (a) name, (b) employment dates, (c) job titles, (d) scheduled start and end date of employment, (e) the reason for the actual end date of employment being earlier than the scheduled end date of employment, if applicable, (f) employment locations/facility name and location, (h) compensation during last work week, (g) rate of pay, and (h) the amount of money, if any, the healthcare worker paid Defendant for leaving employment before the end of the employment period, through judgment, settlement, or otherwise.

**REQUEST NO. 13.**    Defendant's communications with United States Citizenship and Immigration Services or other governmental entity regarding any healthcare worker leaving Defendant's employ before the end of the employment period.

# EXHIBIT A

## Format for the Production of Documents
## Including Electronically Stored Information

Federal Rule of Civil Procedure 34(b)(1)(C) provides that a party requesting documents "may specify the form or forms in which electronically stored information is to be produced." Pursuant to Rule 34(b)(1)(C), documents and Electronically Stored Information ("ESI") should be produced in the forms described below.

**A.      Production Formats**

As a general rule, the production format for all paper documents and ESI shall be single-page Group IV TIFF files with corresponding text and load files, as set forth in detail in Part C below ("the Default Rule").

However, spreadsheets, presentation files, word processing files, digital images, audio/video files, and other file types that do not render to image well should be produced in their Native format ("Native Productions"). Native Productions shall be produced as they are maintained, with all formulas, redlines, comments, links, and metadata intact. Native Productions should include all ESI metadata fields set forth below in the load file.

It may sometimes be appropriate to produce partial or exported data, such as with information housed in applications, mobile devices, cloud services, social media sites, or databases containing more information than is relevant to the case.  In these instances, the parties should confer and agree on an ESI protocol early on concerning the scope of, and methodology for, extracting the relevant data.

**B.      Handling of Paper Documents**

Paper documents shall be scanned and produced according to the Default Rule.  The documents should be unitized (not merged into a single record).  The load file for paper documents shall contain the following fields, described in Section C.3 below:

| | |
|---|---|
| BegBates | ProdVolume |
| EndBates | Record Type |
| BegAttach | Confidential |
| EndAttach | Redacted |
| Custodian | Extracted Text |
| Pgcount | |

**C.      Default Rule: Specific Protocols for the Form of Production**

The following specific protocols should be used for productions:

1.  **IMAGES:**

A placeholder image that conforms to the TIFF specifications detailed below should be provided for Native Productions.  The placeholder should contain the confidential designation, Bates number, and text stating that the document has been produced in native format.

Records not provided in native format should be as single-page, Group IV, 300 DPI, 1-bit, black-and-white TIFF images.  If color is requested or necessary to understand the meaning of a document[1], the document should be produced as a single-page, 300 DPI, minimum quality level of 75, 24-bit color JPG images.  An Images folder on the production deliverable should contain a separate TIFF or JPG file named with the corresponding Bates number. Images should show all information visible using native software.  For example, images of email messages should include the BCC and Attachments lines.

2.  **LOAD FILES:**

| Load File | Format |
|---|---|
| Image Load File | Opticon .opt |
| Database Load File | Delimited .dat with field header information on the first line of the file.  Concordance default delimiters should be used. |

3.  **METADATA FIELDS:**

| Field Name | Description |
|---|---|
| **BegBates** | First Bates number |
| **EndBates** | Last Bates number |
| **BegBatesAttach** | First Bates number of the first document of a family |
| **EndBatesAttach** | Last Bates number of the last document of a family |
| **Custodian**[2] | Custodian of a file when collected |
| **PgCount** | Number of pages of a document |
| **ProdVolume** | Name of an export volume |
| **RecordType** | Indicates type of ESI ("E-Mail", "E-Mail Attachment", "E-Doc", etc.) or "Hard Copy" for paper documents |
| **Filesize** | Size in bytes of the native file |
| **MD5HashValue** | MD5 hash value assigned to a document |

---

[1] If a producing Party may rely on a color version of a document it produces, the color version will be provided.  In addition, a receiving Party may request a color replacement of an image when the loss of color detracts from the usability or limits the ability to interpret information.

[2] **All Custodians**, a field that identifies all custodians of a document, shall be provided when the producing party incorporates deduplication in their production workflow.

| Field Name | Description |
|---|---|
| **ExtractedText** | Relative file path to the produced extracted text or OCR file of the document.  A Text folder on the production deliverable should contain a separate text file for each document named with the corresponding BegBates.  If a party OCRs  documents for its own benefit, that OCR will be provided here.  OCR text files shall be provided for documents with redactions. |
| **Confidential** | Populated for all documents with a confidentiality designation pursuant to any applicable Protective Order in addition to stamping of production images |
| **Redacted** | "Has Redactions" or "Yes" populated for all redacted documents |
| **FileName** | Original file name of a document |
| **NativePath** | Relative file path to the produced native file.  A Natives folder on the production deliverable should contain a separate native file for each document named with the corresponding BegBates. |
| **Title** | Extracted title of a non-email document |
| **Author** | Extracted author of a non-email document |
| **TimeZone** | Time zone used for processing the data |
| **Date/Time Created** | Date and time the document was created |
| **Date/Time Last Modified** | Date and time the document was last modified |
| **LastSavedBy** | Last saved or modified by property of a document, representing the last user to save the document |
| **From** | Name (when available) and email address of the sender of an email message |
| **To** | Name (when available) and email address(es) of the recipient(s) of an email message |
| **CC** | The name(s) (when available) and email address(es) of the recipient(s) of the CC or Carbon Copy of an email message |
| **BCC** | The name(s) (when available) and email address(es) of the recipient(s) of the BCC or Blind Carbon Copy of an email message |
| **EmailSubject** | Subject of an email message |
| **Date/TimeReceived** | Date and time an email message was received |
| **Date/Time Sent** | Date and time an email message was sent |
| **EmailFolder** | Folder in which an email was stored within a custodian's mailbox |
| **AttachmentList** | File names for all attachments to an email message or child items in a family group |
| **AttachCount** | Number of files attached to an email message or parent document |

DATED:        January 2, 2024
              Minneapolis, MN

                              **NICHOLS KASTER, PLLP**
                              s/ Anna P. Prakash
                              Anna P. Prakash, MN Bar No. 0351362*
                              4700 IDS Center
                              80 South Eighth Street
                              Minneapolis, MN 55402
                              Telephone: (612) 256-3200
                              Facsimile: (612) 215-6870
                              aprakash@nka.com
                              * admitted *pro hac vice*


                              **VARNELL & WARWICK, P.A.**
                              Janet R. Varnell; FBN: 0071072
                              Brian W. Warwick; FBN: 0605573
                              Pamela G. Levinson; FBN: 0538345
                              Jeffrey Newsome; FBN: 1018667
                              400 N Ashley Drive, Suite 1900
                              Tampa, FL 33602
                              (352) 753-8600
                              jvarnell@vandwlaw.com
                              bwarwick@vandwlaw.com
                              plevinson@vandwlaw.com
                              jnewsome@vandwlaw.com

                              **TOWARDS JUSTICE**
                              Rachel Dempsey (*pro hac vice* motion)
                              Juno Turner (*pro hac vice* motion
                              forthcoming)
                              David H. Seligman (*pro hac vice* motion
                              forthcoming)
                              Towards Justice
                              P.O. Box 371689, PMB 44465
                              Denver, CO 80237-5680
                              (720) 441-2236
                              rachel@towardsjustice.org
                              juno@towardsjustice.org
                              david@towardsjustice.org

                              *Attorneys for Plaintiffs*

5

CERTIFCATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email on January 2,

2024, to the following:

Kevin W. Shaughnessy

Joel C. Griswold

Erin M. Sales

William S. Weber

BAKER & HOSTETLER LLP

200 South Orange Avenue, Ste. 2300 Orlando, FL 32802-0112

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| Latoya Lewis and Lucinda Byron on behalf of themselves, those similarly situated, and the Proposed Rule 23 Class, | |
| *Plaintiffs*, | Case No. 6:23-cv-01645-WWB-LHP |
| *v.* | **PLAINTIFFS' INTERROGATORIES TO DEFENDANT, SET I** |
| Avant Healthcare Professionals, LLC, | |
| *Defendant.* | |

**TO: DEFENDANT AVANT HEALTHCARE PROFESSIONALS, LLC AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendant Avant Healthcare Professionals, LLC, answer the following interrogatories within thirty (30) days after service of the same. Defendant shall provide its answers to Plaintiffs' undersigned counsel at the offices of Nichols Kaster, PLLP, 4700 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402.

Unless otherwise indicated, all Requests are directed at documents relevant or applicable during the statutory period from **August 28, 2013 to the present**. The instructions and definitions in Plaintiffs' Requests for Production to Defendant, Set I apply.

**<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 1:**       Identify all persons who have been employed by Defendant as a healthcare worker during the applicable time period, including for each their (a) name, (b) employment dates, (c) job titles, (d) scheduled start and end date of employment, (e) the reason

1

for the actual end date of employment being earlier than the scheduled end date of employment, if applicable, (f) employment locations/facility name and location, (h) compensation during last work week, (g) rate of pay, and (h) the amount of money, if any, the healthcare worker paid Defendant for leaving employment before the end of the employment period, through judgment, settlement, or otherwise.

**INTERROGATORY NO. 2:**   Identify and describe all costs Defendant incurs in recruiting, training, credentialling, licensing, and employing healthcare workers, as well as lost profits and any other "damages" under the employment contract, and how Defendant calculates those costs and any mitigation efforts per employee.

DATED:        January 2, 2024
              Minneapolis, MN

**NICHOLS KASTER, PLLP**

s/Anna P. Prakash
Anna P. Prakash, MN Bar No. 0351362*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
aprakash@nka.com
* admitted *pro hac vice*


**VARNELL & WARWICK, P.A.**
Janet R. Varnell; FBN: 0071072
Brian W. Warwick; FBN: 0605573
Pamela G. Levinson; FBN: 0538345
Jeffrey Newsome; FBN: 1018667
400 N Ashley Drive, Suite 1900
Tampa, FL 33602
(352) 753-8600
jvarnell@vandwlaw.com
bwarwick@vandwlaw.com
plevinson@vandwlaw.com

jnewsome@vandwlaw.com

**TOWARDS JUSTICE**
Rachel Dempsey (*pro hac vice* motion)
Juno Turner (*pro hac vice* motion
forthcoming)
David H. Seligman (*pro hac vice* motion
forthcoming)
Towards Justice
P.O. Box 371689, PMB 44465
Denver, CO 80237-5680
(720) 441-2236
rachel@towardsjustice.org
juno@towardsjustice.org
david@towardsjustice.org

*Attorneys for Plaintiffs*

CERTIFCATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email on January 2,

2024, to the following:

Kevin W. Shaughnessy

Joel C. Griswold

Erin M. Sales

William S. Weber

BAKER & HOSTETLER LLP

200 South Orange Avenue, Ste. 2300 Orlando, FL 32802-0112