EXHIBIT "B"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:23-CV-01645-WWB-LHP

LUCINDA BYRON and LATOYA LEWIS,
on behalf of themselves, those similarly
situated, and the Proposed Rule 23
Class,

        Plaintiffs,

vs.

AVANT HEALTHCARE
PROFESSIONALS, LLC,

        Defendant.

_____/

## DECLARATION OF LESLEY HAMILTON IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY

I, Lesley Hamilton, declare as follows:

1. My name is Lesley Hamilton. I am the Senior Vice President of Operations at Avant Healthcare Professionals, LLC (Avant). I have served in this role since 2006. I make this declaration based on a review of Plaintiffs' Second Amended Complaint, Plaintiffs' discovery requests, and my understanding of Avant's business records. I am over the age of 18 years, and have personal knowledge of, and can competently testify to, the matter set forth herein.

2. I submit this declaration to explain the burden that engaging in discovery would impose on Avant while Avant's Motion to Dismiss is pending.

3. Plaintiffs served thirteen requests for production and two interrogatories. Both sets of discovery seek responsive material covering a period spanning ten years before this lawsuit started.

4. Based on my estimate, Avant is likely to have tens of thousands of relevant documents from this period because Avant has employed more than 5,000 healthcare workers over the course of the ten-year period. For example, with respect to request number nine alone in Plaintiffs' First Request for Production, Avant is likely to have well over 5,000 potentially responsive documents—and that's a conservative estimate.

5. Identifying and organizing the responsive documents will be time consuming and labor intensive. Avant has used multiple electronic storage systems in the past ten years, and it will have to review those multiple systems for responsive documents. Moreover, Avant has more than 400 boxes of hard-copy documents stored in a warehouse that will have to be reviewed for responsive documents.

6. To coordinate the production of responsive documents, Avant will have to utilize its Information Technology Department, and it may have to hire document reviewers to determine which documents are potentially responsive. After the relevant documents are identified, Avant's attorneys will need to analyze the documents one-by-one for relevance, privilege, and any other issues that may exist.

7. Given the sheer volume of documents, along with the onerous process for identifying and producing those documents, engaging in discovery prior to a ruling on the pending Motion to Dismiss would pose an exceptional burden on Avant, in terms of both time and money.

Pursuant to 28 U.S.C. § 1746, I declare under the penalties of perjury that the contents of the foregoing Declaration are true and correct.

2/19/2024
Date

*(signature)*
LESLEY HAMILTON