**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LUCINDA BYRON and LATOYA LEWIS,

        Plaintiffs,

v.                               Case No: 6:23-cv-1645-WWB-LHP

AVANT HEALTHCARE PROFESSIONALS, LLC,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION FOR STAY OF DISCOVERY AND PROTECTIVE ORDER (Doc. No. 65)
>
> **FILED:** February 20, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On August 28, 2023, Plaintiffs Lucinda Byron and Latoya Lewis, on behalf of themselves and those similarly situated, instituted this putative class and collective action against Defendant Avant Healthcare Professionals, LLC. Doc. No. 1. Their

operative pleading is now the second amended complaint, filed on December 7, 2023. Doc. No. 44. Defendant has moved to dismiss the second amended complaint in its entirety. Doc. No. 47.

By the above-styled motion, Defendant also moves for a stay of discovery pending resolution of the motion to dismiss. Doc. No. 65. Although Plaintiffs initially opposed the requested stay, Doc. No. 67, the parties agreed to further discuss the issue after oral argument on the motion to dismiss. *See* Doc. Nos. 69–71. Thereafter, the parties submitted a Joint Notice Regarding Proposed Discovery Plan, in which they agree to production of some discovery and a stay on the remainder pending resolution of the motion to dismiss. Doc. No. 72.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored. *See* Middle District Discovery (2021) § (I)(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dipositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or

undue burden."). The moving party bears the burden of showing good cause to stay discovery. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); Middle District Discovery (2021) § (I)(E)(4). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652–53 (quotations omitted).

Here, upon consideration of the motion and response (Doc. Nos. 65, 67), as well as the representations of counsel at oral argument (Doc. No. 71), it is clear that discovery in this matter will be exceedingly voluminous. Moreover, having taken a "preliminary peek" at the merits of the motion to dismiss, but without expressing any opinion on its final resolution (Doc. No. 47), and on review of the parties' proposed discovery plan (Doc. No. 72), the Court finds a stay of discovery, at least in part, warranted.

Accordingly, it is **ORDERED** that Defendant's Motion for Stay of Discovery and Protective Order (Doc. No. 65) is **GRANTED**. With the exception of the discovery outlined in the Joint Notice Regarding Proposed Discovery Plan, to encompass the discovery production through April 30, 2024 and the depositions

scheduled for May 2024 only (Doc. No. 72), discovery in this matter is hereby **STAYED** pending resolution of Defendant's motion to dismiss (Doc. No. 47)**.**

**DONE** and **ORDERED** in Orlando, Florida on March 15, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties